UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                          8:08-cr-450-T-33EAJ

CARL BLAIR, GEORGE AUGUSTUS,
DENEIL TENASHEL CAMPBELL and
ANTONIO MAURICE McCLAIN
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant George Augustus' Motion for a New Trial (Doc. # 249), filed on February 25, 2010, and Defendant's Motion for Judgment of Acquittal (Doc. # 251), filed on February 26, 2010. The Government filed a response in opposition to the motions on March 4, 2010 (Doc. # 253). For the reasons stated below, Defendant's motions are due to be denied.

**I. Background**

The Government's March 4, 2009, superseding indictment charged in count one that Defendant "did knowingly and willfully conspire and agree with [others] to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1). In violation of Title 21 United States Code, Sections 846 and 841(b)(1)(A)." (Doc. # 45 at 1).

Count two of the superseding indictment charged that Defendant possessed a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (Doc. # 45 at 2). After suppression proceedings before United States Magistrate Judge Elizabeth A. Jenkins (Doc. # 58, 79, 168), a jury trial was conducted on February 8, 2010, through February 19, 2010. (Doc. # 204-240). The Defendants were tried together, and the jury found Defendant George Augustus guilty as to both counts of the indictment on February 19, 2010. (Doc. # 240).

Thereafter, on February 25, 2010, Defendant filed his Motion for a New Trial (Doc. # 249), and his Motion for Judgment of Acquittal (Doc. # 251) on February 26, 2010. Defendant's post-trial motions are ripe for the Court's review.

## II. **Standard of Decision**

### A. **Rule 33 Motion for a New Trial**

A new trial pursuant to Fed.R.Crim.P. 33 may be granted in the interests of justice or on the basis of newly discovered evidence. United States v. Ramos, 179 F.3d 1333, 1336 (11th Cir. 1999). A new trial may be granted "in the interest of justice" if the motion is filed "within 7 days after verdict or finding of guilty or within such further time

as the court may fix during the 7-day period." Fed.R.Crim.P. 33(a) and (b)(2). In this case, the motion, filed on February 25, 2010, was timely filed within seven days of the jury's verdict.

A new trial may also be granted on the basis of newly discovered evidence. Fed.R.Crim.P. 33(b)(1). To warrant a new trial on the basis of newly discovered evidence, the defendant must establish all of the following: (1) the evidence was discovered after trial; (2) the failure of defendant to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such that a new trial would probably produce a different result. Ramos, 179 F. 3d at 1336 n.1; United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). In this case, the Defendant has not asserted that the discovery of new evidence warrants a new trial.

Since Defendant does not allege any newly discovered evidence, the Court will analyze the issues under Rules 33(a) and (b)(2). Pursuant to Rules 33(a) and (b)(2), the applicable standard is whether the "interest of justice" mandates a new trial.

A Rule 33 motion for a new trial "is addressed to the

sound discretion of the trial court." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). The court may "weigh the evidence and consider the credibility of witnesses." Id.; accord United States v. Cross, 258 F. App'x 259, 261 (11th Cir. 2007). "If the court concludes that ... the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Martinez, 763 F.2d at 1312 (internal quotation marks omitted); accord Cross, 258 F. App'x at 261. The court may follow this course even if the evidence is legally sufficient to sustain the verdict. Martinez, 763 F.2d at 1312. However, the Eleventh Circuit has stated that "[a] motion for new trial must be viewed with 'great caution.'" United States v. Reed, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988)).

Where a motion for new trial argues that the court committed errors during the trial, "the convicted defendant has the burden of showing that (1) some error was in fact committed and (2) that such error was prejudicial to him." United States v. Simms, 508 F. Supp. 1188, 1203 (W.D. La. 1980); accord United States v. DeLaughter, No. 8:07-cr-201, 2007 WL 3034645, at *1 (M.D. Fla. Oct. 16, 2007). Even if the

defendant has made such a showing, a new trial is not warranted unless the error affected the defendant's substantial rights. Simms, 508 F. Supp. at 1203; accord DeLaughter, 2007 WL 3034645, at *1; see also Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). "An error affects the defendant's substantial rights if it probably had a substantial influence on the jury's verdict." United States v. Rodriguez, 259 F. App'x 270 (11th Cir. 2007) (internal quotation marks omitted) (quoting United States v. Stephens, 365 F.3d 967, 976-77 (11th Cir. 2004)). The court must inquire whether the error "was more likely than not a substantial factor" in the conviction. See Stephens, 365 F.3d at 980 (remanding for new trial after concluding that district court's evidentiary error "was more likely than not a substantial factor in [the defendant's] conviction").

### B. **Rule 29 Motion for Judgment of Acquittal**

A motion for acquittal is governed by Federal Rule of Criminal Procedure 29. "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the evidence was insufficient to sustain a conviction.'" United States v. Hunt, 412 F. Supp. 2d 1277, 1282 (11th Cir 2005)(quoting United States v. Miranda, 425 F.3d 953, 963

5

(11th Cir. 2005)). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998)(citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

### III. **Analysis**

#### A. **Motion for New Trial**

Defendant asserts that a new trial is warranted because: (1) the Government's translation of a September 17, 2008, tape-recorded conversation (Exhibit 40) was inaccurate; (2) the Court denied Defendant's request to call a Court-appointed translator/interpreter to the stand as a defense rebuttal witness; (3) the Court "admonished" the defense that Defendant did not need an interpreter during the trial; (4) a Government witness improperly remarked that Defendant McClain was the only defendant with a "clean record;" and (5) a Government witness remarked that if you want to know what George Augustus is thinking, you have to ask George Augustus, and then looked and pointed at George Augustus, thus infringing on Defendant's right to remain silent.

Defendant asserts that a judgment of acquittal is warranted because: (1) "[t]he Government failed to prove

beyond a reasonable doubt in it's case-in-chief that the Defendant was guilty of the charges in the two counts in this case;" and (2) "[t]he Defendant's evidence indicated a reasonable doubt existed such that the jury should not have arrived at a verdict of guilty beyond a reasonable doubt in this case on both of the two counts." (Doc. # 251 at 1).

The Court will address each of these arguments below.

### 1. **Exhibit 40**

Defendant devotes five paragraphs of its thirteen-paragraph motion for a new trial to Government Exhibit 40, a written transcript of a tape recorded conversation in Patois between Defendants in the back of a police cruiser after the Defendants' arrests on September 17, 2008. The Government's tape-recorded Patois conversations of Defendants and the Government's translated transcript were admitted into evidence as Government's Exhibits 39 and 40, respectively.

Defendant specifically argues that "the defense showed inconsistent and inappropriate assignment of the three male voices in Exhibit 40." (Doc. # 249 at ¶ 7).

The Government, on the other hand, points out that, during authentication of the transcript through Government witnesses Horst, Urton, and Patrick, the Government described each witnesses' ability to differentiate voices (based on the witnesses not being present in the vehicle, not speaking

7

Patois, and having no familiarity with Defendants' voices). Further, on cross examination, counsel for Defendant had the opportunity to explore any transcript inaccuracies.

As to Exhibit 40, the Court gave a special jury instruction (Jury Instruction No. 19), which follows:

> As you have heard, Exhibit 40 has been identified as a typewritten transcript and partial translation from Patois into English of the oral conversation that can be heard on the tape recording received in evidence as Exhibit 39. The transcript also purports to identify the speakers engaged in such conversation.
> I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, particularly those portions spoken in Patois, and also to aid you in identifying the speakers.
> However, you are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

(Doc. # 238 at 22).

The Government remarked to the jury, where there is a conflict, look to the audio, not to the transcript. The audio is the evidence. In light of the Court's specific instruction regarding the limited purpose of the translation of the tape recorded conversation, and for the other reasons outlined

above, the Court denies Defendant's request for a new trial on the basis of alleged inaccuracies in Exhibit 40.

### 2. Denial of Expert Witness

Defendant contends that a new trial is needed because the Court denied Defendant's request to call Patrick Anthony Williams, a Court-appointed translator, to the stand as a rebuttal witness. The Court rejects this argument with little discussion. Mr. Williams served as the Court's Patois translator during the trial. Allowing Defendant to call Mr. Williams to the stand as a rebuttal witness would violate the rule of sequestration. In addition, even if it were somehow appropriate to allow a Defendant to call the Court's translator as an expert witness, in this case, Defendant did not provide the requisite Rule 16, Fed.R.Crim.P., notice to the Government regarding Defendant's intention to call Mr. Williams.

Thus, the Court denies Defendant's request for a new trial on the basis of the Court's denial of Defendant's request to call Mr. Williams to the witness stand.

### 3. Court Admonishment Concerning Interpreters

Defendant argues that the Court wrongfully "admonished" the defense as follows:

> The Honorable Judge in this case admonished Defense Counsel for having to hire interpreters for George Augustus, taking the position of the Assistant US

9

> Attorney that George Augustus did not need an
> interpreter, and it was costing the Court a lot of
> money to have the two interpreters for the trial.
> Based on this admonishment by this Honorable Court,
> Defense Counsel believed the Court was prejudiced
> against my client and George Augustus could not
> receive a fair trial. Defense counsel moved for a
> miss trial [sic] on this occasion and several
> others for which the Court denied.

(Doc. # 249 at 3).

The Court did make certain comments to counsel concerning the necessity of a Patois interpreter for Defendant, but the Court's comments were never made in the presence of the jury, and were made in the context of determining whether government resources were being expended unnecessarily in this case. Despite the Court's doubts concerning the necessity of a translator, the record reflects that Defendant was assisted by a translator during the trial.

The Court notes that Defendant was not assisted by a translator at his initial appearance, detention hearing, or suppression hearing. In her report and recommendation pursuant to the suppression hearing, Judge Jenkins found that Defendant did not have a language barrier problem after a review of Defendant's post-Miranda statements to law enforcement officers. (Doc. # 79 at 6): "Defendant engaged in a lengthy conversation with Agent Coad in English covering Defendant's personal information, his Miranda rights, and his participation in the events leading to his arrest. Moreover,

Defendant never asked for an interpreter and the record does not suggest interpretation was ever necessary." (Doc. # 76 at 6).[1]

This Court's comments regarding whether Defendant needed an interpreter, made outside of the presence of the jury, are not proper grounds for a new trial.

### 4. "Clean Record" Comment

Defendant also argues that a new trial is warranted because a Government witness remarked that Defendant McClain was the only defendant with a "clean record," implying that the co-defendants, including Defendant Augustus have criminal records.

The Government responds that the "clean record" remark pertained to Defendant McClain's driving record, not criminal record. The Government explains that its theory of the case was that each Defendant had certain responsibilities and that Defendant McClain "served as the driver of the 'get-a-way' car" because McClain stipulated that he had a valid driver

---

[1] Judge Jenkins drew upon cases such as United States v. Longoria, 229 F. App'x 885, 888 (11 Cir. 2007)(per curiam) (finding defendant waived Miranda rights despite alleged inability to understand English where defendant spoke fluent English in conversations with law enforcement and never requested or needed an interpreter), as well as United States v. Briscoe, 69 F.Supp.2d 738, 742 (D. V.I. 1999)(finding Jamaican defendant effectively waived his Miranda rights despite alleged difficulty comprehending "American" English). (Doc. # 76 at 6 n. 7).

license and "Augustus admitted to having a suspended driver license" and so did Defendant Campbell. (Doc. # 253 at 8).

Even though it was made clear that the comment regarding Defendant McClain's "clean record" did not pertain to any Defendant's criminal record, the Court struck the question and instructed the jury to disregard it. During closing argument, the only argument involving a "record" involved Defendant McClain's valid driver license.

Accordingly, the Court determines that a new trial is not warranted on the basis of the Government witness's remark concerning Defendant McClain's driving record.

### 5. Right to Remain Silent

The defense asserts that a new trial is needed because "On cross examination, Agent Zayas, when asked about the meaning of a statement attributed to George Augustus which was exonerating, Agent Zayas stated you have to ask George Augustus and looked and pointed to George Augustus at the defense table." (Doc. # 249 at 4). Although Defendant does not expound upon this argument, the Court presumes that Defendant seeks a new trial because Agent Zayas' statements indirectly commented on Defendant's right to remain silent.

The Government remarks that defense counsel "opened the door" to Agent Zayas by asking an "unwise question." (Doc. # 253 at 9). The Government also notes that "any issue raised

by the unwise question was cured by the Court's instructions at the beginning of the trial and again at the end of the trial regarding the defendant's right to not testify and that the burden of proof always remains with the Government." (Doc. # 253 at 9).

Some comments regarding a defendant's silence, particularly when a defendant remains silent after arrest, are unconstitutional and would warrant a new trial. United States v. Edwards, 576 F.2d 1152 (5th Cir. 1978). However, not all comments related to a defendant's silence rise to such a level. Id. at 1154-1155. In Edwards, the Court ruled, "a comment is deemed to be such a reference [to a defendant's right to remain silent] if either (1) it was the prosecutor's manifest intention to refer to the defendant's silence, or (2) the remark was of such a character that the jury would 'naturally and necessarily' take it to be a comment on defendant's silence." Id. at 1154. The prosecutor's remark in Edwards, which ultimately led to the defendant's conviction being reversed, follows:

> But look, the point is, ladies and gentlemen, when he did finally fess up to the fact that he was the man in this driver's license here, did he even tell them hey – when they also found Government's Exhibit No. 1 [the rental contract] in his glove compartment, did he say, "Hey, wait a minute, let me tell you what the story is. I got this car a month ago over in Atlanta, Ga. I've been down visiting relatives" or whatever reasonable explanation he might have, did he give it to them?

>       No way.  Not to this good day.  No way.  Remember
>       ladies  and  gentlemen,  there  was  no  reasonable
>       explanation given.

Edwards, 576 F.2d at 1154.

In this case, the complained of comment passes the Edwards test because (1) the comment was made by a Government witness in response to a defense question, not a prosecutor, and (2) the comment was only tangentially, if at all, related to Defendant's silence.  The comment does not "naturally and necessarily" relate to the Defendant's silence.  There was no overt reference to Defendant's silence.  After reviewing the comment carefully, the Court determines that it is not a comment infringing Defendant's Constitutional right to remain silent and that it was harmless, especially in light of the substantial evidence of guilt against Defendant. Accordingly, a new trial is not warranted due to Agent Zayas' aforementioned comment.

### B.  **Motion for Judgment of Acquittal**

Defendant contends that a judgment of acquittal is warranted because (1) the Government failed to prove beyond a reasonable doubt that Defendant was guilty of the charges in the superseding indictment; and (2) the Defendant's evidence indicated that a reasonable doubt existed such that the jury should have returned a verdict of not guilty.

As noted above, "The standard for assessing the

sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." <u>United States v. Leonard</u>, 138 F.3d 906, 908 (11th Cir. 1998)(citing <u>United States v. Bush</u>, 28 F.3d 1084, 1087 (11th Cir. 1994)).

In this case, the Government satisfied their burden with respect to Defendant, and the jury correctly determined that Defendant was guilty beyond a reasonable doubt. The evidence does not preponderate against the verdict, such that it would be a miscarriage of justice to let the verdict stand. The Court has evaluated each error alleged by Defendant and has determined that neither a new trial nor a judgment of acquittal is warranted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant George Augustus' Motion for a New Trial (Doc. # 249), and Defendant's Motion for Judgment of Acquittal (Doc. # 251) are **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of May 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record